IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN MAXWELL MONTIN, | ) | 4:10CV3041 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| BILL GIBSON, CEO, State of | ) | |
| Nebraska, District of Hayes County, | ) | |
| | ) | |
| Respondent. | ) | |

  This matter is before the court on Respondent's Motion for Summary Judgment. (Filing No. 15.) As set forth below, the Motion is denied without prejudice.

  Respondent moves for summary judgment on the Petition for Writ of Habeas Corpus alleging that Petitioner's claims are procedurally defaulted. The court has carefully reviewed Respondent's Motion and the submissions made by both parties and finds the record is presently insufficient to determine (1) whether Petitioner's claims are procedurally defaulted and (2) whether Petitioner is able to meet the standard for disregarding a state procedural default. See Clemons v. Luebbers, 381 F.3d 744, 750 (8th Cir. 2004) ("[A] state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards."). Therefore, the Motion for Summary Judgment will be denied without prejudice to reconsideration of the procedural default issue following the filing of an answer and full briefing on all issues.

IT IS THEREFORE ORDERED that:

1. The Motion for Summary Judgment (filing no. 15) is denied without prejudice to reconsideration of the procedural default issue after full briefing.

2. Respondent shall file an answer and separate brief <u>no later than November 19, 2010</u>. The following procedures shall then be followed by Respondent and Petitioner:

- A. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

- B. The answer shall be supported by all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

- C. Copies of the answer, the designation, and brief shall be served upon Petitioner except that Respondents are only required to provide Petitioner with a copy of the specific pages of the designated record which are cited in the brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion

shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. <u>No later than December 20, 2010</u>, Petitioner shall file and serve a brief in response. Petitioner shall submit no other documents unless directed to do so by the court.

E. <u>No later than January 20, 2010</u>, Respondent shall file and serve a reply brief.

3. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: November 19, 2010: check for Respondent to file answer and separate brief.

4. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

DATED this 20th day of October, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

3