IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN MAXWELL MONTIN, | ) | 4:10CV3041 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| BILL GIBSON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner John Maxwell Montin's ("Montin" or "Petitioner") Petition for Writ of Habeas Corpus ("Petition"). (Filing No. 1.) Respondent filed an Answer (Filing No. 14), two Briefs (Filing Nos. 24 and 26), and relevant State Court Records (Filing Nos. 9, 12, and 21). Petitioner filed a Brief on the merits of the Petition. (Filing No. 25.) The court deems this matter fully submitted.

Liberally construing the allegations of Montin's Petition, he argues that he is entitled to a writ of habeas corpus because:

Claim One:       Petitioner was denied due process of law because, without a factual basis for its decision, the District Court of Hayes County, Nebraska ordered that Petitioner remain under a civil commitment.

Claim Two:       Petitioner was denied due process of law because the District Court of Hayes County, Nebraska ordered that Petitioner remain under a civil commitment until Petitioner "waive[d] constitutionally protected rights as a requirement for the return of his liberty."

(Filing No. 1, together, the "habeas claims.")

## BACKGROUND

Montin is currently committed to the Lincoln Regional Center as a result of being found not responsible by reason of insanity of first degree false imprisonment and use of a firearm in the commission of a felony in 1993. In accordance with Neb. Rev. Stat. § 29-3703, the Hayes County District Court reviews this judgment annually. (Filing No. 12-1, Attach. 1, at CM/ECF p. 126.) In this action, Montin challenges the February 19, 2009, Journal Entry and Order continuing Montin's confinement at the Lincoln Regional Center. (*Id.*)

## I.   *Montin's Direct Appeal and Petition for Further Review*

Montin filed a timely direct appeal of the state district court's order. (*Id.* at CM/ECF p. 117.) Both Montin's attorney and Montin filed briefs on direct appeal (*id.* at CM/ECF pp. 81-102, 109-116), however, the Nebraska Court of Appeals struck Montin's pro se brief because it was not signed by Montin's attorney. (Filing No. 9-1, Attach. 1, at CM/ECF p. 2.) Notably, neither Montin's attorney nor Montin raised any federal constitutional claims on direct appeal.[1] On December 4, 2009, the Nebraska Court of Appeals summarily affirmed the state district court's journal entry

---

[1]The sole assignment of error raised by Montin's attorney on direct appeal was that "the district court erred in holding the annual review hearing as the matter had been removed to federal court, rendering the district court without jurisdiction." (Filing No. 12-1, Attach. 1, at CM/ECF p. 114.) In Montin's stricken pro se brief, Montin argued that the district court erred in (1) "holding the annual review hearing as the matter had been removed to federal court, rendering the district court without jurisdiction," (2) "finding that [Montin] remains a mentally ill and dangerous person without clear and convincing evidence," and (3) "ordering the commitment of [Montin] maintained to obtain a waiver of protected rights for return of liberties." (*Id.* at CM/ECF p. 82.)

2

and order continuing Montin's confinement at the Lincoln Regional Center.(Filing No. 9-1, Attach. 1, at CM/ECF p. 2.)

Both Montin's attorney and Montin filed petitions for further review with the Nebraska Supreme Court. (Filing No. 12-1, Attach. 1, at CM/ECF pp. 20-29, 32-36.) Notably, neither Montin's attorney nor Montin raised any federal constitutional claims in their petitions for further review.[2]  On February 3, 2010, the Nebraska Supreme Court denied the petitions and, on February 17, 2010, issued a mandate. (Filing No. 9-1, Attach. 1, at CM/ECF p. 2.)

## II.   *Montin's Petition for Writ of Habeas Corpus*

On March 2, 2010, Montin timely filed his Petition in this court. (Filing No. 1.) Thereafter, Respondent filed a Motion for Summary Judgment and Brief in support of Motion in which Respondent argued that Montin's claims are procedurally defaulted. (Filing Nos. 15 and 16.)  The court denied Respondent's Motion without prejudice to reconsideration of the procedural default issues following full briefing on all issues. (Filing No. 23.)  Specifically, the court found that the record was insufficient to determine whether Montin was able to meet the standard for disregarding a state

---

[2]In the petition for further review filed by Montin's attorney, Montin argued that the district court erred in (1) "holding the annual review hearing as the matter of the case had been removed to federal court, rendering the district court without jurisdiction," (2) "finding that [Montin] remains a mentally ill and dangerous person without clear and convincing evidence," and (3) "ordering the commitment of [Montin] maintained to obtain a waiver of protected rights for the return of liberties." (Filing No. 12-1, Attach. 1, at CM/ECF p. 32.)  In Montin's pro se petition for further review, Montin argued that the district court erred in (1) "finding that [Montin] remains a mentally ill and dangerous person without clear and convincing evidence," and (2) "ordering the commitment of [Montin] maintained to obtain a waiver of protected rights for return of liberties." (*Id.* at CM/ECF pp. 24, 26.)

3

procedural default.  (*Id.*)  Now that Montin and Respondent have filed additional briefing on the procedural default issues, this matter is ripe for resolution.

### ANALYSIS

The court will address Montin's habeas claims below.  Before doing so, the court will set forth the legal principles regarding procedural default because they apply to Montin's claims.

### I.     Standards for Procedural Default

As set forth in 28 U.S.C. § 2254(b)(1):

(1)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

   (A)    the applicant has exhausted the remedies available in the courts of the State; or

   (B)    (i)     there is an absence of available State corrective process; or
         (ii)    circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must

4

give the state courts one full opportunity to resolve any constitutional
issues by invoking one complete round of the State's established
appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore
fairly present the substance of each federal constitutional claim to the state courts
*before* seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round"
ordinarily means that each § 2254 claim must have been presented in an appeal to the
Nebraska Court of Appeals, and then in a petition for further review to the Nebraska
Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v.
Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005). In order to fairly present a federal
constitutional claim to the state courts, the petitioner must "refer to a specific federal
constitutional right, a particular constitutional provision, a federal constitutional case,
or a state case raising a pertinent federal constitutional issue. Presenting a claim that
is merely similar to the federal habeas claim is not sufficient to satisfy the fairly
presented requirement." *Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir.), *cert. denied*,
546 U.S. 844 (2005) (internal quotation marks and citations omitted); *see also McCall
v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) ("In order to fairly present a federal
claim to the state courts, the petitioner must have referred to a specific federal
constitutional right, a particular constitutional provision, a federal constitutional case,
or a state case raising a pertinent federal constitutional issue in a claim before the
state courts") (internal quotation marks and citations omitted).

Where "no state court remedy is available for the unexhausted claim–that is,
if resort to the state courts would be futile–then the exhaustion requirement in §
2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate
state-law ground for the conviction and sentence, and thus prevents federal habeas
corpus review of the defaulted claim, unless the petitioner can demonstrate cause and
prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005)
(quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Stated another way, if a

5

claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n. 1. Under Nebraska law, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002).

## II.    *Montin's Habeas Claims*

Montin's habeas claims are procedurally defaulted because he did not fairly present them *as federal constitutional claims* on direct appeal to the Nebraska Court of Appeals or in his petition for further review to the Nebraska Supreme Court.

As set forth above, Montin must give the state courts a full and fair opportunity to resolve federal constitutional claims before those claim are presented to the state court. *See* *O'Sullivan*, 526 U.S. at 845. In order to have fairly presented his federal constitutional claims to the state court, Montin must have referred "to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Cox*, 398 F.3d at 1031.

Here, Montin's habeas claims are very similar to the claims that he raised in state court, however, the claims Montin raises here are federal due process claims, while the claims Montin raised in state court were not. To begin with, Montin did not assign any federal due process claims as error in any of his state court briefs. Under Nebraska law, an alleged error must be both specifically assigned and specifically argued in order for the appellate court to consider it. *White v. White*, 709 N.W.2d 325, 337 (Neb. 2006). Further, Montin did not refer to any federal constitutional rights, federal constitutional provisions, federal constitutional cases, or state cases raising pertinent federal constitutional issues in any of his state court briefs. *See* *Cox*, 398 F.3d at 1031. While Montin did make passing references to "due process" in his

6

stricken pro se brief on direct appeal (Filing No. 12-1, Attach. 1, at CM/ECF pp. 86, 98) and in his pro se petition for further review (*id.* at CM/ECF p. 28), he specifically cited to the state Constitution whenever he did so. *See Duncan v. Henry*, 513 U.S. 364, 366 (1995) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in Federal Court, but in state court.").

In short, Montin did not give the Nebraska state courts any reason to think that his claims were based on the federal constitution. As such, the court finds that Montin's state court briefs and arguments were insufficient to properly apprise the state courts of his now-raised federal constitutional claims, and therefore, the constitutional claims he raises here are procedurally defaulted.

## III.   *Cause and Prejudice*

Having concluded that Montin's constitutional claims have been defaulted, the court proceeds to consider whether Montin has demonstrated cause and prejudice to excuse his procedural default.

To excuse a procedural default, a petitioner must demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or, in rare cases, that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In order to satisfy the "cause" requirement, Montin must show that some external impediment prevented him from presenting his unexhausted federal claims to the state's highest court in a timely and procedurally proper manner. *Id.* at 753. Although there is no precise definition of what constitutes cause and prejudice, "the existence of cause for

a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999) (quotation omitted); *see also Bell v. Attorney Gen. of the State of Iowa*, 474 F.3d 558, 561 (8th Cir. 2007) ("A cause is sufficient to excuse procedural default when it is external to the petitioner, and not attributable to the petitioner.").

Liberally construed, Montin argues that the procedural default of his claims was caused by the Nebraska Court of Appeals's decision to strike his brief on direct appeal (i.e., the Nebraska Court of Appeals refused to consider the claims Montin raised in his pro se brief on direct appeal). (Filing No. 25 at CM/ECF pp. 12, 24.) As set forth above, the Nebraska Court of Appeals struck Montin's pro se brief on direct appeal because it was not signed by Montin's attorney. (Filing No. 9-1, Attach. 1, at CM/ECF p. 2.) However, Montin's argument that this caused the procedural default of his claims lacks merit because Montin's habeas claims were not raised in the stricken brief. (Filing No. 12-1, Attach. 1, at CM/ECF pp. 81-102.) That is, in the stricken brief, Montin did not raise the federal due process claims he raises here. Rather, Montin argued that the district court erred in (1) "holding the annual review hearing as the matter of the case had been removed to federal court, rendering the district court without jurisdiction," (2) "finding that [Montin] remains mentally ill and dangerous without clear and convincing evidence," and (3) "ordering the commitment of [Montin] maintained to obtain a waiver of protected rights for the return of liberty." (*Id.* at CM/ECF pp. 85-86.) In light of this, the court finds that the Nebraska Court of Appeals's striking of Montin's brief could not have resulted in Montin's failure to present his habeas claims to the Nebraska appellate courts. As such, the court finds that Montin has not demonstrated "cause" to excuse the procedural default of his habeas claims.

Because Montin failed to satisfy the cause component of the cause and prejudice requirement, it is unnecessary to address the prejudice component. *Ashker*

8

*v. Class*, 152 F.3d 863, 871 (8th Cir. 1998) (when petitioner "has not shown adequate cause to overcome the procedural bar . . . we need not consider the issue of actual prejudice").

IT IS THEREFORE ORDERED that:

1.     Petitioner John Maxwell Montin's Petition for Writ of Habeas Corpus (filing no. 1) is dismissed with prejudice.

2.     A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 25th day of April, 2011.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge

_____
     *This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.